EXHIBIT 3
Brief

MICHAEL J. NORTON-BAKAIAN and
SARAH E. NORTON-BAKAIAN,
    Debtors

GEORGE SPENCER SR. and
SPECIALTY SALVAGE, LLC,              Case No.: 19-21310-dob
    Plaintiffs/Creditors                   Adv. Proc. No.: 19-02058

v.                                                     Hon. Opperman
                                                        Chapter 7

MICHAEL J. NORTON-BAKAIAN and
SARAH E. NORTON-BAKAIAN,
    Defendants/Debtors

| Justin D. English (P71565) | Matthew Lee Frey (P68239) |
|---|---|
| English Law Office, PLC | Attorney for Defendants/Debtors |
| Attorney for Plaintiffs/Creditors | 4901 Towne Centre Rd., Ste. 315 |
| 120 W. Exchange St., Suite 104 | Saginaw, MI 48604 |
| Owosso, MI 48867 | (989) 799-2227 |
| (989) 472-4242 | |

## BRIEF IN SUPPORT OF PLAINTIFFS/CREDITORS' AMENDED MOTION FOR SUMMARY JUDGMENT

    Plaintiff/Creditor Specialty Salvage is a trash removal and scrap salvaging company in Owosso, Michigan. Specialty Salvage is run by Chris Spencer, and his elderly father, Plaintiff/Creditor George Spencer, frequently helps out around the office. Specialty Salvage provided Defendant/Creditors Sarah Norton-Bakaian and Michael Norton-Bakaian with trash removal services for a number of years. At some point in 2018, Specialty Salvage changed its autopay system.

    Due to the change in the payment system, Specialty Salvage needed updated credit card information from some of its customers, including Mr. and Mrs. Norton-Bakaian. Specialty Salvage attempted to reach out to Mr. and Mrs. Norton-Bakaian, but came to discover that the information it had on record was no longer accurate.

English Law Office, PLC
120 W. Exchange St.,
Suite 104,
Owosso, MI 48867
(989) 472-4242

1

19-02058-dob    Doc 18-3    Filed 04/03/20    Entered 04/03/20 15:00:46    Page 2 of 12

Because Specialty Salvage was unable to contact Mr. and Mrs. Norton-Bakaian, they did not provide trash service for the weeks that went unpaid.

Eventually, Mrs. Norton-Bakaian contacted Specialty Salvage demanding that her trash be picked up. Specialty Salvage informed Mrs. Norton-Bakaian that the phone number it had on record was disconnected, but it had tried to contact her regarding its new payment system. Mrs. Norton-Bakaian updated her credit card information, and Specialty Salvage informed her that she would be on the trash pickup route for the following week.

After this conversation, Mrs. Norton-Bakaian contacted Specialty Salvage again. This time, she expressed her desire to cancel her services therewith, and demanded a refund. Specialty Salvage explained that they did not issue refunds, and Mrs. Norton-Bakaian became irate.

Following this phone call, on March 23, 2018, Ms. Norton-Bakaian went to Specialty Salvage's place of business with her trash can full of garbage. (Exhibit 6.1, Video). Mrs. Norton-Bakaian approached the scrap metal scale and began yelling at Specialty Salvage employees about not receiving a refund. (Exhibit 5.1, Affidavit of George Spencer)[1]. Hearing the commotion, George Spencer came outside and met Mrs. Norton-Bakaian. It was at this point that Mrs. Norton-Bakaian began emptying her trash can and throwing it across the scale and Specialty Salvage's property. (Exhibit 6.1, Video).

English Law Office, PLC
120 W. Exchange St.,
Suite 104,
Owosso, MI 48867
(989) 472-4242

---

[1] Please note that original, notarized signatures could not be obtained due to the current situation involving COVID-19. Updated affidavits will be provided at a later date.

Mr. Spencer attempted to stop Mrs. Norton-Bakaian's tirade, and she slapped him. (Exhibit 5.1, Affidavit of George Spencer). It was at this point that Mr. Norton-Bakaian approached the scene and got in Mr. Spencer's face. Mr. Norton-Bakaian began yelling at Mr. Spencer, threatened him, chest-bumped and shoved him. (Exhibit 6.1, Video). Ultimately, the police were called and Mr. Norton-Bakaian and Mrs. Norton-Bakaian left the property.

Based on the statements Mrs. Norton-Bakaian made to the police about the incident, the Shiawassee County Prosecutor's Office chose to press charges against Mr. Spencer for assault and battery. However, upon review of a video capturing what occurred at Specialty Salvage between the parties, the Prosecutor's Office dismissed all charges against Mr. Spencer. (Exhibit 6.1, Video). Angered by the dismissal, Mrs. Norton-Bakaian posted a google review about Specialty Salvage that read:

What a bunch of idiots. You read the comments yourself. The owner degrades every customer that has the slightest complaint. If you look at the Shiawassee county district court website all of their names come up with assault. They get out of it by wanting [a] jury and the prosecutors [sic] office dont [sic] want to pay for a district court jury trial. This jackass company not only took money that they didnt [sic] provide service for and when i [sic] took my trash to them i Was [sic] assaulted. Then the owner called my boss and cancelled their service too because i [sic] worked there. Just saying read the complaints and how much these neanderthals [sic]. Care [sic] about customer service.

As for his response it was on video. My husband wasnt [sic] charged george [sic] was. My husband did defend me as any real man would. His uneducated staff got a system change and din't know how to write a letter when they couldn't reach me by phone about my credit card info being lost during the change. I immediately paid my bill and found a better company. They wouldn't refund the money i [sic] had paid for thefuture [sic] 3 months.

(Exhibit 6.2, Google Review 8/2018).

After Mrs. Norton-Bakaian posted this review, Specialty Salvage asked her to remove the same. She refused, and Plaintiffs filed an action in the Oscoda County

English Law Office, PLC
120 W. Exchange St.,
Suite 104,
Owosso, MI 48867
(989) 472-4242

Circuit Court for damages arising out of their claims for defamation, assault, and battery.[2] (See Exhibit 5.2, Affidavit of Chris Spencer[3]). During the pendency of the case, Defendants filed bankruptcy and Plaintiffs dismissed their case pursuant to an Order for Adminsitrative Closing. Plaintiffs subsequenlty filed this Adversary Proceeding in an attempt to exempt their claims from discharge under 11 USC § 523(a)(6).

## STANDARD OF REVIEW

"[M]otions for summary judgment in [an] adversary proceeding are governed by Federal Rule of Civil Procedure 56(c), made applicable to this case by Federal Rule of Bankruptcy Procedure 7056." In re Second Chance Body Armor, Inc., 417 B.R. 750, 754 (Bankr. W.D. Mich 2009).

> When reviewing a motion for summary judgment, the court must construe the evidence, all facts, and any inferences that may be drawn from the facts . . . in the light most favorable to the nonmoving party. The moving party has the initial burden of showing that there is an absence of evidence to support the nonmoving party's case. If that burden is met, the nonmoving party must then produce evidence that would support a finding in its favor. The inquiry is thus a 'threshold inquiry of determining whether there is the need for trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. ' Summary judgment is only appropriate 'if after reviewing the record as a whole a rational factfinder could not find for the nonmoving party.'

---

[2] Mrs. Norton-Bakaian did eventually remove this review while Plaintiff's case was pending in State Court. However, she did post a subsequent review, which has been attached as Exhibit 6.3.
[3] Please note that original, notarized signatures could not be obtained due to the current situation involving COVID-19. Updated affidavits will be provided at a later date.

English Law Office, PLC
120 W. Exchange St.,
Suite 104,
Owosso, MI 48867
(989) 472-4242

4

*Id.* (internal citations omitted). "Summary judgment is proper 'if the pleading depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *In re Markowitz*, 190 F.3d 455, 463 (6th Cir. 1999).

## LAW AND ARGUMENT

Plaintiff/Creditors Specialty Salvage and George Spencer are entitled to summary judgment in this matter. Plaintiffs/Creditors have incurred significant harm as a result of Mr. and Mrs. Norton-Bakaian's conduct. Mrs. Norton-Bakaian not only assaulted Mr. Spencer at the business, she posted false statements online that directly impacted Specialty Salvage's business. The actions of Mr. and Mrs. Norton-Bakaian were willful and malicious and caused serious damage to Mr. Spencer and Specialty Salvage. Therefore, based on the evidence in this case, there is no genuine issue of material fact as to any of Plaintiffs/Creditors 'claims, making them entitled to summary judgment.

I. <u>Dischargeability</u>

The debt in this matter are the claims against Mr. and Mrs. Norton-Bakaian that first arose in parties 'state court lawsuit. Mr. and Mrs. Norton-Bakaian intentionally went to Specialty Salvage's place of business for no other reason than to harass its employees and throw trash all over the property. Not only that, Mrs. Norton-Bakaian then proceeded to post false, inflammatory statements on the internet regarding Specialty Salvage and Mr. Spencer in an attempt to hurt Specialty Salvage's business. There is no question that Defendants/Creditors' actions were willful and

English Law Office, PLC
120 W. Exchange St.,
Suite 104,
Owosso, MI 48867
(989) 472-4242

5

malicious and caused serious damage to Specialty Salvage and Mr. Spencer, and there remains no genuine issue of material fact as to any of Plaintiff/Creditors' claims.

Bankruptcy does not discharge a debtor from a debt arising out of "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 USC § 523(a)(6). "'[W]illful 'means 'voluntary,' 'intentional, 'or 'deliberate. 'As such, only acts done with the intent to cause injury—and not merely acts done intentionally—can cause willful and malicious injury." *Markowitz, supra* at 464 (internal citations omitted).

> [U]nless the actor desires to cause the consequences of his act, or . . . believes that the consequences are substantially certain to result from it, he has not committed a willful and malicious injury as defined under Section 523(a)(6). Thus, to demonstrate that a debt resulted from a 'willful and malicious 'injury, the plaintiff must establish that the defendant either (1) intended to cause the injury, or (2) engaged in an intentional act from which she believed injury would be substantially certain to result.

*In re Zhou*, 331 B.R. 274, 276 (Bankr. E.D. Mich 2005)(emphasis added).

The debt at issue in this case is nondischargeable under 11 USC § 523(a)(6). Defendant-Debtors' actions were willful and malicious. Defendants drove to Plaintiffs' place of business and planned to cause a scene. Not only did Mrs. Norton-Bakaian intend to throw her trash all over the place, she began screaming at Mr. Spencer and other employees in an effort to intimidate and harass them. Likewise, Mr. Norton-Bakaian intentionally got in Mr. Spencer's face in order to intimidate and harass him.

Both Mr. And Mrs. Norton-Bakaian knew their actions would harm Plaintiffs, which is why they engaged in the same. Not only that, when Mrs. Norton-Bakaian made subsequent statements on the internet regarding Plaintiffs, she knew much of the

English Law Office, PLC
120 W. Exchange St.,
Suite 104,
Owosso, MI 48867
(989) 472-4242

6

information contained therein was false. She posted the review in an effort to intentionally harm Plaintiffs' reputations and business. Accordingly, there is no question that Defendants engaged in intentional acts from which they knew injury would be substantially certain to result, and therefore, it is apparent that these same acts were willful and malicious. Because Defendants' actions were willful and malicious, they are nondischargeable under 11 USC § 523(a)(6).

II. Assault and Battery

Michael Norton-Bakaian and Sarah Norton-Bakaian assaulted Plaintiff George Spencer when they approached him and yelled obscenities at him. Likewise, Mr. and Mrs. Norton-Bakaian subsequently committed a battery against Mr. Spencer when the disagreement ultimately escalated.

> An assault may be defined as any intentional, unlawful, offer of corporal injury to another by force, or force unlawfully directed toward the person of another, under such circumstances as create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented.

*Tinkler v Richter*, 295 Mich 396, 401, 295 NW 201 (1940).

> A battery, or assault and battery, is the willful touching of the person of another by the aggressor or by some substance put in motion by him; or, as it is sometimes expressed, a battery is the consummation of the assault.

*Id.*

Both Mr. and Mrs. Norton-Bakaian assaulted Mr. Spencer on May 23, 2018. Mrs. Norton-Bakaian not only got in Mr. Spencer's face during their disagreement, she was yelling and screaming obscenities at him. Mr. Spencer is an elderly man who was attempting to diffuse the situation. Mrs. Norton-Bakaian, is much younger and physically capable of causing Mr. Spencer harm. Subsequently, when Mr. Norton-

English Law Office, PLC
120 W. Exchange St.,
Suite 104,
Owosso, MI 48867
(989) 472-4242

Bakaian approached, he threatened Mr. Spencer, and began yelling at Mr. Spencer along with his wife. It was at this point that Mr. Spencer truly began to fear that Defendants would cause him physical harm.

Not only did Defendants assault Mr. Spencer, they also committed battery against him. During the altercation, Mrs. Norton-Bakaian actually slapped Mr. Spencer. Then, Mr. Norton-Bakaian approached Mr. Spencer and shoved him. Mr. Norton-Bakaian is not only much younger than Mr. Spencer, he is more physically fit and extremely capable of causing Mr. Spencer significant physical injury. When Mr. and Mrs. Norton-Bakaian put their hands on Mr. Spencer, they had no legal justification for doing so, and therefore committed battery.

There cannot be an assault or battery "without a willful injury of the person upon whom the wrong is inflicted." *See Tatar v Horbal*, 274 Mich 634, 637; 265 NW 762 (1936) (finding that assault and battery may fall within an exception to discharge in bankruptcy). Mr. and Mrs. Norton-Bakain willfully and maliciously assaulted and battered Mr. Spencer, thus making Plaintiffs' claims for the same nondischargeable. Accordingly, because there remains no genuine issue of material fact regarding Plaintiffs' claims for assault and battery, Plaintiffs are entitled to summary judgment.

III. Defamation

Sarah Norton-Bakaian intentionally made false statements about Mr. Spencer and Specialty Salvage in order to harm their business and reputations. "The elements of a cause of action for defamation are (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amount to at least negligence on the part of the publisher, (4) either actionability of the statement

English Law Office, PLC
120 W. Exchange St.,
Suite 104,
Owosso, MI 48867
(989) 472-4242

irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod)." *Burden v Elias Bros Big Boy Restaurants*, 240 Mich App 723, 726; 613 NW2d 378 (2000). "[W]ords charging the commission of a crime are defamatory per se, and hence, injury to the reputation of the person defamed is presumed to the extent that the failure to prove damages is not a ground for dismissal." *Id.* At 727-28. Generally, false statements regarding an individual's commission of a crime constitute defamation per se where the crime involves moral turpitude or subjects an individual to more than one year of imprisonment. *Lakin v Rund,* 318 Mich App 127, 143-45; 896 NW2d 76 (2016).

Mrs. Norton-Bakaian is guilty of defamation per se based on her statements that the employees of Specialty Salvage, including Mr. Spencer, have committed assaultive crimes. Upon a search of the Shiawassee District Court register of actions, it is apparent that no such record of assaultive crimes exists. Ms. Norton-Bakaian does not specify what degree of assaultive crimes Mr. Spencer and his co-workers have committed, but implies that the charges are of such a degree, that Mr. Spencer and others working for Specialty Salvage are dangerous criminals. Accordingly, Mrs. Norton-Bakaian's statements amount to defamation per se.

Even if Mrs. Norton-Bakaian's statements regarding Specialty Salvages's employees does not amount to defamation per se, they still constitute defamation per quod. The statements that Mrs. Norton-Bakaian made online are false. She made false statements about the business taking money and not providing services, being unprofessional and difficult to work with, and employing untrustworthy criminals. Not only that, she posted the statements on Specialty Salvage's Google review page, so

English Law Office, PLC
120 W. Exchange St.,
Suite 104,
Owosso, MI 48867
(989) 472-4242

9

that anyone searching the business will see her review. She published these statements with the intent of harming Specialty Salvages's business and reputation. Finally, these statements have caused harm to Plaintiffs in that they damaged Specialty Salvage's business and reputation in the community. Likewise, Mr. Spencer's reputation was damaged based on Mrs. Norton-Bakaian's statements regarding his alleged assaultive behavior and history.

Although the elements of defamation only require that the statements be made negligently, the facts of this case demonstrate that Mrs. Norton-Bakaian made these false statements willfully and maliciously. She made these statements for no other reason than to harm Mr. Spencer and Specialty Salvage, and therefore, these claims are nondischargeable in bankruptcy. *See Kennedy v Mustaine*, 249 F3d 576 (6th Cir. 2001) (affirming the district court's refusal to discharge Plaintiff's defamation claim based on Defendant's willful and malicious conduct). Therefore, because there remains no genuine issue of material fact regarding Plaintiffs' defamation claims, Plaintiffs are entitled to summary judgment.

## CONCLUSION

Sarah Norton-Bakaian and Michael Norton-Bakaian's actions were willful and malicious. They intended to harm Mr. Spencer and Specialty Salvage when they went to Specialty Salvage's place of business in May of 2018. Likewise, Mrs. Norton-Bakaian intended to harm Plaintiffs' reputation and business when she posted false statements regarding the same on the internet. Mr. and Mrs. Norton-Bakaian did not care that their actions would injure Plaintiffs, instead, that was their desired outcome.

English Law Office, PLC
120 W. Exchange St.,
Suite 104,
Owosso, MI 48867
(989) 472-4242

Therefore, for the reasons set forth above, Plaintiffs/Creditors are entitled to summary judgment as to liability.

Dated: April 3, 2020

Respectfully Submitted,
ENGLISH LAW OFFICE, PLC

/s/ Justin D. English
Justin D. English (P71565)
Attorney for Plaintiffs/Creditors
120 W. Exchange St., Ste. 104
Owosso, MI 48867
(989) 472-4242
justin@jdelawoffice.com

English Law Office, PLC
120 W. Exchange St.,
Suite 104,
Owosso, MI 48867
(989) 472-4242

11

19-02058-dob    Doc 18-3    Filed 04/03/20    Entered 04/03/20 15:00:46    Page 12 of 12