United States Bankruptcy Court
Eastern District Of Michigan – Northern Division

| | | |
|---|---|---|
| In re   MICHAEL J. NORTON-BAKAIAN, | ) | Case No. |
| | ) | <u>19-21310-dob</u> |
| And | ) | |
| | ) | Chapter |
| SARAH E. NORTON-BAKAIAN | ) | <u>7</u> |
| Debtor | ) | |
| | ) | |
| GEORGE SPENCER SR. and | ) | |
|       SPECIALTY SALVAGE, LLC | ) | |
| Plaintiffs/Creditors | ) | |
| v. | ) | |
| MICHAEL J. NORTON-BAKAIAN and | ) | Adv. Proc. No. |
| SARAH E. NORTON-BAKAIAN, | ) | |
| Defendants/Debtors | ) | <u>19-02058-dob</u> |
| _____ | ) | |

**<u>BRIEF IN SUPPORT OF DEFENDANTS/DEBTORS' RESPONSE TO PLAINTIFFS/CREDITORS' MOTION FOR SUMMARY JUDGMENT</u>**

Defendants/Debtors Michael J. Norton-Bakaian and Sarah E. Norton-Bakaian were previously provided services by Plaintiff/Creditor George Spencer/Specialty Salvage. At some point services were ceased due to a payment lapse issue, that defect was corrected prior to the events in questions and payment had been received by Plaintiffs for trash disposal services. It is then undisputed that the Defendants took trash to the business location of the Plaintiffs and began to place the trash upon the scale at Specialty Salvage.

Defendant Sarah E. Norton-Bakaian appears on Plaintiffs' Exhibit 1 emptying her trash can, after emptying said trash she is approached by Mr. George Spencer Sr. and the two appear to exchange some words, it is at the point of then further emptying her trash can that Plaintiff George Spencer Sr., as seen on Plaintiff's Exhibit 1 approaches Defendant Sarah E. Norton-Bakaian and places his hand upon her in . (Plaintiff's Exhibit 1, Video) Defendant Sarah E. Norton-Bakaian does not defend herself although her husband Defendant Michael J. Norton-

1

Bakaian does indeed make contact with Plaintiff George Spencer Sr, a normal reaction from any spouse whose wife has just been assaulted. Finally according to the police report/incident report (Defendants' Exhibit 1) the Defendants had paid for services at the time of the incident and should have been allowed to dump their trash, there seems to be no dispute otherwise as there would be an odd reference to a no refund policy.

After the incident, Plaintiff George Spencer Sr is charged with Assault and Battery by the Shiawassee County Prosecutor's Office having viewed the video and police report (Defendants' Exhibit 1), although the charge is ultimately dismissed, as to why is not relevant in this case.

Additionally, Defendant Sarah E. Norton-Bakaian does post a Google Review, however as per Defendants Exhibit 1, the allegation contained therein is true, Plaintiff George Spencer Sr was charged and has a previous charge as well of Assault and Battery. (Defendants' Exhibit 1) It would appear from a cursory review of Court records for Shiawassee County that his son(s) ha(ve)s also been charged previously with Assault and Battery. (Defendants' Exhibit 2) Ultimately though the google reviews were removed a short time after the above incidents, despite being truthful as admitted as such in Plaintiffs' brief.

Plaintiffs George Spencer Sr/Specialty Salvage filed suit, during the pendency of that case however the Defendants filed for bankruptcy protection under Chapter 7 and the State Court case was closed due to administrative stay. Plaintiffs George Spencer Sr/Specialty Salvage then filed this action seeking to exempt their debt from the discharge

## STANDARD OF REVIEW

"Fed. R. Civ. P. 56(c) (applicable in adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure). When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted but simply

2

determines whether a genuine issue for trial exists, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986).

The movant bears the burden of proving that based upon the record presented to the court, there is no genuine dispute concerning any material facts and that controlling law makes it clear that they are entitled to judgment in an adversary proceeding as a matter of law. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986); *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001)

**LAW AND ANALYSIS**

Plaintiff/Creditors Specialty Salvage and George Spencer Sr. are not entitled to summary judgment in this matter. Plaintiff/Cerditors have suffered no harm as it relates to Mr. and Mrs. Norton-Bakaian's conduct except for repercussion of their own behavior which was captured on video by their own video system. Mr. Norton-Bakaian responded to Mrs. Norton-Bakaian being assaulted by Plaintiff George Spencer Sr. in a reasonable manner. The actions of Defendant/ Mr. Norton-Bakaian were not willful nor malicious in that he acted in defense of others and the claims of Defendants claims were truthful. As there would exist questions of fact, summary judgment is not appropriate in this case.

I.  <u>Dischargeability</u>

The debt in this matter arises from contractual dispute and subsequent actions of both Plaintiffs and Defendants. Although the Bankruptcy code excepts "willful and malicious injury" from discharge pursuant to 11 USC § 523 (a)(6), this is not such a case wherein the acts were designed to cause injury outside of the truth being brought to perhaps light.

3

The video evidence is clear, Mrs. Norton-Bakaian dumped her trash pursuant to then-expired contract at the business of Plaintiffs, such act alone cannot be construed to constitute injury for it is required to be done to bring injury. Plaintiffs are in the business of trash collection and disposal. As the case law cited by Plaintiffs in *In re Zhou*, 331 B.R. 274, 276 (Bankr. E.D. Mich 2005) the act must be intended to cause injury or injury must be substantially believed will result from said act. It can hardly be said that dumping trash at a trash yard would cause injury beyond minimal nuisance value. The trash was bagged and appears to have only been a few small kitchen-sized bags, hardly the thing to cause any injury.

As to the alleged assault and battery actions, the video is exceedingly clear, Plaintiff George Spencer Sr. put his hands in an unwanted touching upon Defendant Sarah Norton-Bakaian first, he escalated the situation from mere exchange of words to a physical conflict. Her husband, the co-defendant, being a distance from the two merely intervened thinking his wife in danger of being further assaulted. His response was with proportional force in defense of his spouse who had just been physically grabbed in an apparent angry manner.

Finally, the google review was truthful. Truth is always a defense to any type of defamatory action. Both Mr. Spencer and his son(s) have assault and battery charges at least issued against them and Defendant/Sarah Norton-Bakaian's account of events, although her point of view, are based in truth and corroborated by the video evidence presented to this Court by way of Plaintiffs' own exhibit.

II. <u>Assault and Battery</u>

The assault and battery that occurred was the one upon Mrs. Norton-Bakaian, George Spencer Sr., had no right under the circumstances presented to physically touch the Defendant.

From all accounts, Plaintiff and Defendant were exchanging words about the incident regarding the dumping of the trash in question, Plaintiffs have presented no evidence their language offended any reasonable person despite the language used, this incident occurred at a trash/salvage yard in heated dispute and any such claim to being assaulted should be denied. It is clear from the video evidence that Plaintiff sought to confront the Defendant and not the other way around.

As to the battery counts, Defendant Michael Norton-Bakaian is entitled to a claim of defense of others. Plaintiff had no legal right to place his hand(s) in any manner upon Defendant(s). Defendant Mrs. Norton-Bakaian from video evidence does not appear to ever touch Plaintiff George Spencer Sr. Mr. Norton-Bakaian reasonably intervened by using a small amount of force to create space between the two.

Summarizing from two applicable cases: A defendant is entitled to use only that amount of force necessary for self-defense. *People v Deason*, 148 Mich App 27, 384 NW2d 72 (1985); a person in a state of excitement cannot be expected to make fine distinctions as to the extent of injuries likely to be inflicted and, thus, the amount of force needed for self-defense. *Brownell v People*, 38 Mich 732, 738 (1878). According to the Michigan Criminal Jury Instruction, M Crim JI 7.18, the defense of others defense is under the same rules as self-defense.

III. <u>Defamation</u>

As referenced above, both George Spencer and his son(s) have had assault and battery charges filed against them in Shiawassee County, although the records may not reflect a conviction, Defendant did not say they were convicted, and as truth being a defense as exhibited by the attached exhibits, this claim necessarily must fail as Plaintiffs cannot satisfy element one, that being a false and defamatory statement. There simply is no defamation per se or per quod

5

19-02058-dob    Doc 21-1    Filed 04/16/20    Entered 04/16/20 10:01:03    Page 5 of 7

based on these facts. Defamation per se requires a crime of moral turpitude, of which these are not and punishable by more than one year, which again assault and/or battery is not.

As to the Google review, a negative review is not defamation when it is based on a true record of events or the interpretation of the facts, as in any business, some customers may have a better experience than others, and while reviews may be important for marketing purposes, Google provides relief in allowing the business to respond, to which in this case Specialty Salvage did which allows customers and prospective customers to make a fully-informed decision. Although a negative review likely implies an expression that others should not do business with a particular company, such is the nature of the online reviews, same as testimonials as to their good nature. A person can describe their experience and a reader may conclude to do or not do business with a particular company or may disregard the review entirely.

## CONCLUSION AND RELIEF REQUESTED

The Defendants, purposefully took their trash to a place to where they had a valid contract, are not at fault for the escalation of the incident by the Plaintiffs and subsequent series of events in relation to any purported willful and malicious injury. There was no intent to harm the Plaintiffs' business unless the Plaintiffs concede the truth hurts. At most here you have a disgruntled customer which nothing in law prohibits being unsatisfied with a business. Defendants/Debtors request an Order denying Creditor/Plaintiffs' Motion for Summary Judgment as to liability.

Respectfully submitted,

By: /s/ Matthew L. Frey
MATTHEW L. FREY (P68239)
4901 Towne Centre Road, Suite 315
Saginaw, MI 48604

(989) 799-2227
mfrey@matthewfreylaw.com

Dated: April 13, 2019